Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error is brought to reverse a judgment in favor of Nancy Reardon, on an appeal from a judgment upon a warrant which was issued in favor of the executors of Elnah Warner, on a note payable to him, which she had executed and delivered to his agent, Reuben Beemen, in consideration of a clock, which the agent had sold her; and respecting'which he delivered to her, simultaneously with her delivery of the note, the foKlowing writing: — “ / warrant the clock that I have sold to Mrs. Nancy Reardon, to perform well, or agree to furnish her one, in the place of it, that will perform well. Should we fail to furnish her a good clock, we agree.to take the said clock back without pay — May 13th, 1829. Reuben Beemen,

Elijah Warner."

The proof on the trial, was, that the clock was worthless as a “time piece that an agent of Warner put another clock in its place, but which was as worthless as the first; and that Mrs. Reardon, not long afterwards, requested a man, who said he was one of Warner’s agents, to take the clock away, but that he did not take it; and that the materials were of some little value.
On this proof, the jury found a verdict against the executors; and the court refused to grant a new trial.
There was an obvious consideration for the note But thé foregoing instrument of writing may be deemed a defeasance. It should not be so construed, however, as *220 to operate an extinguishment of all cause of action on .the note, unless, in addition to the facts which were proved, there had been some proof of a tender, or notice, to Warner, or to his agent; or unless there had been proof that Beemenand Warner had no place of known residence in this state where notice could be given; or unless, by taking back the first clock, the onus is devolved on the obligee, of shewing, as a condition precedent, that the substituted clock was a “good” one.
There is no proof that the person to whom the tender was made was Warner’s agent. His declaration that he was an agent, is no proof whatever of the fact. Nor is there any proof tending to shew, that the residence of either Warner or Beemen was unsettled, or unknown. And we are of the opinion, that, had not the second clock been substituted for the first, the fact, that the first was not a good clock, would not, of itself alone, have been sufficient to bar the action on the note, because the agreement to warrant the goodness of the first clock, or to put a good one in its place, was executory, and a breach of it would have been the foundation of an action, and should not operate as a defeasance of the note. But when the first clock was taken back, it became the property of Warner; and the agreement was that, unless a good clock should be put in its place, it should not be paid for. It seems to us, that when the first clock was taken back, the placing of a good one in its place, was a condition precedent, without performing which, Warner could not have a legal right to coerce the amount of the note. Had Warner, or his agent, not put any clock in the place of that which was sold and afterwards taken away, surely, according to a sensible and effectual interpretation of the defeasance, Mrs. Reardon would not have been liable to pay the amount of 'the note; and, by a parity of reasoning, it appears to us, that until a “ good clock” was substituted, the note was not collectable, after the first clock had been taken back.
As the proof abundantly shews, that the substituted clock was not a good one, and that, therefore, a “ good clock” was not put in the place of that which was sold. *221 and afterwards taken back — we are of the opinion, that the verdict and judgment are sustained by the proof and by a just and proper interpretation of the defeasance.
If the second clock had not been furnished, or was net a good one, Warner was hound to keep the first without pay, after having taken it back; that is', when he took it back, he took it without pay, unless lie furnished another clock anti a.good one.
Permitting the second clock to be left in her house, should not be deemed an acceptance of it by Mrs. Rear-don, in lieu of that which was taken away; but should be understood only as evidence of her willingness to make an experiment for ascertaining whether it was a good clock, and whether her note should become payable or not: and, as it proved to be no better than the first, the latter must be deemed to be taken back “ without pay;” and consequently, the note for the amount agreed to he paid for it, should not be enforced.
The second clock is the property of Warner; and, not being such an one as he undertook to deliver, in lieu of that which he sold and afterwards took back, it cannot, of course, entitle him to “ pay” for the first, or form any consideration for the note.
Judgment affirmed.